UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2013 FEB -4 PM 1:45
DEPUTY CLERK

JOSEPH A. JOHNSON, §
Institutional ID No. 1290070, §
§
§
Plaintiff, §
§
v. § CIVIL ACTION NO.
§ 1:12-CV-153-BL
JASON BROWNING, DDS, *et al.*, § ECF
§
§
Defendants. § Assigned to U.S. Magistrate Judge

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner current confined to the Wallace Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ"), and previously confined to the Robertson Unit, is proceeding *pro se* and *in forma pauperis*. He filed a complaint under 42 U.S.C. § 1983 on August 27, 2012 (Doc. 1). Plaintiff also filed a memorandum in support of his complaint on August 27, 2012 (Doc. 2). Plaintiff alleges that medical staff at the Robertson Unit were deliberately indifferent to his serious medical needs.

Plaintiff indicated his consent to proceed before the United States magistrate judge pursuant to 28 U.S.C. § 636(c) (Doc. 10). This case was reassigned to the United States magistrate judge on September 5, 2012 (Doc.7). The court set an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915 to further develop the factual basis of Plaintiff's claims. Plaintiff appeared and testified in his own behalf.

## I. BACKGROUND

In his complaint, as supplemented by his testimony, Plaintiff claims that:

1. During all times relevant to the claims set forth in his complaint, Plaintiff was confined to the Robertson Unit.

2. Plaintiff consulted with medical staff about mouth pain he was experiencing. Dental personnel recommended the extraction of two of his wisdom teeth and Plaintiff was prescribed antibiotics to prepare for the procedure.

3. Dr. Browning extracted Plaintiff's wisdom teeth on September 3, 2010. Plaintiff experienced continued bleeding after the procedure which he believed was excessive. Dr. Browning, however, told Plaintiff that if he followed post-operative instructions, he would be alright.

4. Browning provided Plaintiff with a change of gauze, packets of salt, written instructions, and a prescription for ibuprofen for pain.

5. Plaintiff continued to experience bleeding and pain overnight. Plaintiff ended up prematurely using the gauze to help soak up blood and obtained gauze from other inmates.

6. Plaintiff went to nurse's station on the morning of September 4, 2010, and spoke with Nurse Rhodes. Plaintiff showed Rhodes that he was still bleeding. Rhodes indicated that there was no dental personnel on the until to see Plaintiff. Rhodes was unable to provide Plaintiff with additional gauze.

7. Plaintiff returned to his cell. His mouth continued to bleed. His cellmate contact an officer when Plaintiff continued to bleed and appeared semi-conscious.

8. Plaintiff was transported to the Hendrick Medical Center emergency department, where he was treated for blood loss.

9. The physician at Hendrick told Plaintiff that he had been treated incorrectly. Plaintiff

was admitted and spent one night in the hospital.

Plaintiff alleges that Defendants Browning and Rhodes were deliberately indifferent to his serious medical needs and failed to provide him with proper treatment. Plaintiff further alleges that Melton failed to appropriately supervise his employees, fostering an environment of deliberate indifference to inmate needs. Plaintiff is seeking declaratory relief, an award of costs, and an award of damages.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999).

A "complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States,* 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott,* 276 F. 3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. *Id.* The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary

hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's arguments and claims in his complaint as supplemented by his memorandum and testimony, determine whether Plaintiff's claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

### A.     Deliberate Indifference to Serious Medical Needs

Plaintiff alleges that Browning, Rhodes, and Melton were deliberately indifferent to his serious medical needs, particularly with regard to the care he was provided after the extraction procedure.

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

It is well settled that the Eighth Amendment to the Constitution protects inmates from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Not every claim of inadequate or improper medical treatment is a violation of the Constitution, however. *Id.* at 105-07. To establish an Eighth Amendment medical claim for cruel and unusual punishment, Plaintiff must

show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. A complainant must show that a prison official's state of mind was "one of 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002). Thus, the prison official must "know of and disregard [the] excessive risk to inmate health or safety." *Hall v. Thomas,* 190 F.3d 693, 697 (5th Cir. 1999) (citations and brackets omitted). Moreover, "the facts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985) (citing *Woodall v. Foti,* 648 F.2d 268 (5th Cir. 1981)). "To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Hall,* 190 F.3d at 697 (quoting *Farmer,* 511 U.S. at 834). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id.*

The deliberate indifference requirement is more than mere negligence in failing to supply medical treatment. *Gibbs v. Grimmette,* 254 F.3d 545, 549 (5th Cir. 2001). A complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall,* 190 F.3d at 697 (citing *Estelle,* 429 U.S. at 105). Neither "'negligence, neglect or medical malpractice'" gives rise to a § 1983 cause of action. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (citing *Johnson,* 759 F.2d at 1238). "[N]egligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action." *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir. 1993). A negligent or "inadvertent failure to provide adequate medical care cannot be said to

constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle,* 429 U.S. at 105-06. While inadequate treatment "may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999). Thus, mere "negligence is insufficient to support a finding of liability"; the Plaintiff must show that the Defendants were "deliberately indifferent." *Adames v. Perez,* 331 F.3d 508, 514 (5th Cir. 2003).

Deliberate indifference is also more than disagreement between patient and doctor as to the appropriate treatment, except in exceptional circumstances. *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995) ([A]bsent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983.). Moreover, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado,* 920 F.2d at 321 (citing *Johnson,* 759 F.2d at 1238); *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1979).

Rather, to show deliberate indifference to his serious medical needs, the Plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson,* 759 F.2d at 1238). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos,* 41 F.3d at 235 (citing *Mendoza v. Lynaugh,* 989 F.2d 191, 193-95 (5th Cir.1993)).

Plaintiff's factual allegations, accepted as true, indicate that he was treated by medical staff, was prescribed medications, underwent a surgical procedure, and was later transported to the hospital for additional care when a unit medical professional was not available to treat him. Plaintiff's allegations do not demonstrate that Robertson Unit medical personnel or staff refused to treat him,

ignored his complaints, or intentionally treated him incorrectly. *Domino*, 239 F.3d at 756. Disagreement with the type of medical care provided is actionable under § 1983 only if there were exceptional circumstances. *See Varnado*, 920 F.2d at 321. Plaintiff's allegations do not demonstrate that any such circumstances were present. His dissatisfaction with the results of the proceeding, the medication he was prescribed for pain, or the availability of an ice pack or additional gauze, do not demonstrate deliberate indifference to his serious medical needs. Whether to provide additional treatment or to determine the treatment to provide "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107; *Domino*, 239 F.3d at 756. Plaintiff's disagreement with the treatment provided is not sufficient to make a claim for deliberate indifference to serious medical needs. There are no exceptional circumstances in this case.

Plaintiff alleges that Browning and Rhodes treated him incorrectly and even worsened his condition. However any negligence or malpractice by either Browning or Rhodes do not implicate the Eighth Amendment nor does it give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d at 321 (5th Cir. 1991) (citing *Johnson*, 759 F.2d at 1238). *Adames*, 331 F.3d at 514. The failure of Rhodes or Browning to recognize Plaintiff's bleeding constitutes the sort of claim arising in negligence which does not form the basis of a constitutional claim.

Plaintiff's claims for cruel and unusual punishment in the form of deliberate indifference to his serious medical needs lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

B.   **Request for Injunctive Relief**

Although Plaintiff asserts that he is seeking injunctive relief in the form of a court order requiring the Defendants provide him with additional medical care, the court notes that Plaintiff has transferred from the Robertson Unit. The transfer of a prisoner out of an institution will often render

his claims for injunctive relief moot. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. Tex. 2002). As Plaintiff is no longer at the Robertson Unit, his allegations against the Defendants have been rendered moot. Therefore, Plaintiff's claim for injunctive relief lacks an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

C.     **Supervisory Capacity Claims**

Plaintiff alleges that Defendant Melton failed to appropriately train or supervise medical personnel at the Robertson Unit, including Browning and Rhodes. In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F. 2d 1146, 1150 (5th Cir. 1994).

Plaintiff's constitutional claims against Melton in his supervisory capacity thus lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE.**

### III. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law,

**IT IS ORDERED THAT** Plaintiff's claims against the Defendants in their individual, official, or supervisory capacities for cruel and unusual punishment in the form of deliberate indifference to serious medical needs are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are denied.

A copy of this order shall be sent by first-class mail to all parties appearing *pro se*. Any attorney of record shall be notified electronically or by first-class mail.

**SO ORDERED.**

DATED this 4th day of February, 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**